UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 8:23-cr-360-TPB-AAS

LESLIE BRYANT

## UNITED STATES' SENTENCING MEMORANDUM

The Court should sentence the defendant, Leslie Bryant, to 27 months' imprisonment, the low end of her applicable guideline range. In support thereof, the United States provides the following:

## Factual Background

The defendant was part of a wire-fraud conspiracy whereby the conspirators fraudulently obtained credit card accounts and used the accounts to cause $1,223,580.54 in loss. According to the plea agreement, Doc. 4, filed in connection with the defendant's plea, the following facts do not appear to be in dispute:

The defendant, Leslie Bryant, and other were part of a conspiracy to fraudulently obtain 65 Business #1 credit card accounts, use these accounts to make purchases, and fail to make any payments on the credit card accounts. During the relevant time, Bryant was employed as head cashier of a retail location of Business #1, which was located in St. Petersburg, Florida, within the Middle District of Florida. Bryant used that position of trust to allow coconspirators to apply for and obtain fraudulent Business #1 credit card accounts. Bryant inputted fake Social Security numbers into Business #1 computers, which enabled the coconspirators to

open accounts. Bryant's coconspirators then called Financial Institution #1 and obtained increases to the account credit limits. Bryant's coconspirators used the fraudulently obtained credit card accounts to make purchases at Business #1. Bryant and the conspirators kept some of the items purchased using the fraudulent credit card accounts for their personal use and sold the remaining items for profit.

### Objection to the Presentence Investigation Report - Role

Defendant Bryant objected to not having received a minor role reduction in the calculation of her Guideline sentence. The United States opposes a minor role reduction for the defendant because she cannot meet her burden of showing she is substantially less culpable than the average participant in the relevant conduct.

Under the U.S.S.G., a defendant may receive a two-level reduction if she was a minor participant in the offense of conviction. USSG §3B1.2. The adjustment applies to defendants who are "***substantially less culpable than the average participant*** in the criminal activity." *Id.* §3B1.2 cmt. n.3(A) (emphasis added). In particular, the two-level "minor role" reduction applies to a defendant "who is less culpable than most other participants in the criminal activity." *Id.* § 3B1.2 cmt. n.5. The proponent of the downward adjustment bears the burden of establishing his entitlement to such adjustment by a preponderance of the evidence. *United States v. DeVaron,* 175 F.3d 930, 939 (11th Cir. 1999).

Determining whether a defendant merits a mitigating role reduction is a heavily fact-dependent, totality of the circumstances analysis. *Id.* §3B1.2 cmt. n.3(C) It requires consideration of various factors, including:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;
(ii) the degree to which the defendant participated in planning or organizing the criminal activity;
(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
(v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

In the Eleventh Circuit, determining whether a defendant merits a mitigating role reduction involves a two-pronged analysis. First, the court must evaluate the defendant's role in the relevant conduct for which she is being held accountable at sentencing. *De Varon*, 175 F.3d at 940. Second, where the record evidence is sufficient, the district court may (but is not required to) also compare the defendant's conduct, in the criminal scheme attributed to her, to that of other participants. *Id.* at 944, *see also United States v. Nunez-Gonzales,* 223 F. App'x 924, 926 (11th Cir. 2007) ("Under the *De Varon* analysis, measuring [the defendant's] role against the conduct charged [is] the crucial step, the one that the court "must" take, not, as in the second prong, one that it "may" take).

Regarding the first prong in the *De Varon* analysis, the Eleventh Circuit has explained that a mitigating role reduction for a defendant convicted of conspiracy "only makes sense analytically if the defendant can establish that her role was minor as compared to the relevant conduct **attributed to her**." *De Varon*, 175 F.3d at 941 (emphasis in original). Here, the defendant's role was ***major*** as compared to the

relevant conduct. The defendant was the inside person at Business #1—the Victim Business—for each and every fraudulent account that was opened. She was so crucial that without the defendant, there would be no relevant conduct. The defendant helped the conspirators set up the fraudulent applications and then watched as they called the Financial Institution #1 to increase their credit limits and, in many cases, as they obtained the fraudulently purchased items. The defendant's argument that she was part of some smaller conspiracy with $172,748 in loss has no basis in the facts or case law. The defendant's role was key – she enabled the conspirators to get the accounts at her store location. She was not help responsible for the fraudulent accounts at other Business #1 store locations, just for the accounts for which she was *personally responsible*. The defendant was aware of how the entire scheme was carried out, and she knowingly helped to facilitate the scheme. She then stood by as the conspirators obtained the credit increases and used the accounts to make purchases—some of which included items for her benefit.

Concerning the second prong of the *De Varon* analysis, the Eleventh Circuit has emphasized that "a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants." *De Varon*, 175 F.3d at 944. Instead, "the district court must determine that the defendant was less culpable than *most other participants* in her relevant conduct." *Id.* (emphasis in original). The defendant cannot meet this burden either. Indeed, the defendant was actually *more culpable* than most other participants in the relevant conduct. She was part of—and essential to—every single transaction,

which makes her far more culpable than the dozens of individuals who went into the victim business and opened up accounts. Indeed, in some cases, the defendant's coconspirators only opened a single account. To be sure, there is no evidence that the defendant was an organizer or leader, and she is not getting that enhancement, but the defendant was *more culpable* than all but the two organizers in the conspiracy and thus should not qualify for a "minor role."

## CONCLUSION

While the instant offense involving $1,223,580.54 in loss is a very serious offense, the defendant pleaded guilty and accepted responsibility even before she was charged. For the foregoing reasons, the Court should sentence Bryant to 27 months, the low end of the applicable guidelines.

Respectfully submitted,

ROGER HANDBERG
United States Attorney

By: */s/ Jennifer L. Peresie*
Jennifer L. Peresie
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Jennifer.Peresie@usdoj.gov

U.S. v. LESLIE BRYANT	Case No. 8:23-cr-360-TPB-AAS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel on record.

/s/ *Jennifer L. Peresie*
Jennifer L. Peresie
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Jennifer.Peresie@usdoj.gov